IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT L. PLUMLEE, II, B89377,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-846-DWD |
| | ) | |
| **JASON DREW,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Robert Plumlee, an inmate of the Illinois Department of Corrections[1] (IDOC), filed the present pleading before this Court seeking the issuance of a subpoena to an Illinois attorney. (Doc. 1). Plaintiff contends that this attorney has some sort of administrative authority over property that belongs to him, because that authority was delegated to Defendant Jason Drew's control in 2005 when Plaintiff was still a minor. He explains that he has attempted to contact Drew to transfer this authority but has been entirely unable to reach him. The Court finds that it lacks jurisdiction over Plaintiff's request, and thus, this pleading will be dismissed, and this case will be closed.

## Analysis

Plaintiff requests the issuance of a civil subpoena to Defendant Jason Drew. Per Federal Rule of Civil Procedure 45, a subpoena must issue "from the court where the

---

[1] As an inmate, Plaintiff's pleading is also subject to review under 28 U.S.C. § 1915A, but the Court found this case more readily resolved on jurisdictional grounds.

action is pending." In other words, in order for this Court to issue a subpoena, Plaintiff would need to have a related case pending in this Court.

Plaintiff has not filed a proper complaint, and the motion requesting a subpoena does not suggest that he could file any action in this Court about the events he describes. Federal district courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 551 (2005). A district court may not exercise jurisdiction absent a statutory basis. *Id.* Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Subject matter jurisdiction (or federal question jurisdiction) exists for any case or controversy arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order for a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff has not stated a claim that specifically arises under the constitution or federal law, so there is no federal question jurisdiction. Additionally, he has not alleged that he has different citizenship from the defendant, so he has not established diversity jurisdiction.

The Court also notes that it appears Plaintiff may be asking this Court for help intervening in 2005 state court proceedings, but he has not provided any information suggesting that those proceedings were flawed or that he is unable to fairly present his concerns in state court. Indeed, if Plaintiff wishes for a subpoena related to a state court

civil proceeding, he would likely be best served to seek a subpoena from whichever court presided over that earlier matter.

Given that Plaintiff does not have a pending case in this Court, and it does not appear possible that he could file a valid case with this Court related to the events he mentions, the Court will dismiss this action for lack of jurisdiction, and it will decline to issue any civil subpoena to Jason Drew.  The Court will not grant Plaintiff leave to file any additional pleadings in this matter, but it also will not assess a filing fee, and this case should not be construed as a strike under 28 U.S.C. § 1915(g).  *See e.g. Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) (dismissal for lack of jurisdiction does not warrant a strike under 28 U.S.C. § 1915(g)).

## Disposition

Plaintiff's "Complaint" wherein he requested a civil subpoena is dismissed without prejudice for lack of jurisdiction.  No filing fee shall be collected.  The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: April 4, 2024                                          /s *David W. Dugan*
                                                                          _____
                                                                          DAVID W. DUGAN
                                                                          United States District Judge